ORIGINAL

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

**-FILED-**

MAY 1 1 2023

At _____ M
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JONATHAN S. ROSE | ) | Case No. |
| | ) | 1:23MJ - 59 |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____5/29/22 - 12/9/22_____ in the county of _____Allen and Noble_____ in the

_____Northern_____ District of _____Indiana_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) | Providing False Statement as to Material Fact to an FFL. |
| 18 U.S.C. § 922(g)(4) | Possession of a Firearm or Ammunition by a Person Adjudicated Mental Defective or Committed to a Mental Institution. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nichole Marquez, SA ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____05/11/2023_____

s/Paul R. Cherry
*Judge's signature*

City and state: _____Fort Wayne, Indiana_____

Paul R. Cherry, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Comes now your Affiant, Special Agent Nichole. L. Marquez of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, first being duly sworn, now deposes and says:

Your Affiant is a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and is assigned to the Fort Wayne Field Office in the Northern District of Indiana. I attended the Federal Law Enforcement Training Center (FLETC) and ATF National Academy in Glynco, Georgia, where I received training in investigating violations of federal firearms, arson, and explosives laws. I have been serving as a federal agent with the ATF since January 2021. In addition, I am currently serving as a commissioned officer within the Kentucky Army National Guard, and have been serving in the military since December 2019. As part of my duties as an ATF criminal investigator, I routinely investigate violations of federal firearms laws, to include crimes relating to the illegal possession, use, or sale of firearms. Further, I have conducted and participated in numerous firearms investigations that have involved illegal firearm possessors and traffickers, as well as individuals engaged in the business of dealing and/or manufacturing firearms without a license, to include straw purchasing.   Based on this training and experience, your Affiant has become familiar with violations of federal firearms laws.

This Affidavit is being submitted for the limited purpose of securing an arrest warrant for Jonathan Scott ROSE (DOB 09/25/1978), and does not set forth all of my knowledge about this matter. Furthermore, the statements set forth in this affidavit are based upon my own observations and investigation, as well as my training, education, experience in law enforcement, information obtained from other agents and witnesses, and other reliable sources of information relative to this investigation.

Based on my investigation, your Affiant has probable cause to believe that on four occasions between May 29, 2022, and December 9, 2022, ROSE acquired or attempted to acquire firearms from licensed dealers while knowingly making a false or fictitious written statement intended or likely to deceive such dealers with respect to any fact material to the lawfulness of the sale or other disposition of such firearm, in violation of 18 U.S.C. § 922(a)(6). Your Affiant has probable cause to believe that ROSE is also currently engaged in the unlawful possession of firearms and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(4), which states that "it shall be unlawful for any person who has been adjudicated as a mental defective or who has been committed to a mental institution to possess in or affecting commerce any firearm or ammunition…or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

In January 2023, the ATF Fort Wayne Field Office (FWFO) received a referral from the ATF Denial Enforcement and NICS Intelligence Branch (DENI) regarding Jonathan Scott ROSE of 1201 S Cowen Street, Garrett, Indiana 46738. On December 10, 2022, the Federal Bureau of Investigation (FBI) National Instant Background Check System (NICS) returned a "Denied" response for NICS Transaction Number (NTN) 102R42FTH, for the attempted purchase of a firearm by ROSE at Federal Firearms Licensee (FFL) Freedom Firearms located at 1525 Directors Row, Fort Wayne, Indiana 46808. The Denial was supplied due to a hit for Title 18, U.S.C., section 922(g)(4) "Possession of a Firearm or Ammunition by a Person Adjudicated Mental Defective or Committed to a Mental Institution."

ROSE filed multiple appeals with FBI NICS to challenge the Denial, in which ROSE indicated that he had purchased multiple firearms prior. Per ROSE's statement in his December

2

10th appeal, "I was able to purchase 2 firearms at 2 difrent gun dealership, i went to purchase another one and got a denial, please look into this." In his December 12th appeal, ROSE stated, "In July of 2022 I was denied a firearm purchase i did a vaf and a challenge firearm denial, in October 2022 I was able to purchase a firearm and again in November 2022, I went to purchase another firearm and I was denied." FBI NICS sustained the Denial and mailed multiple letters to the address ROSE listed on his appeals, 1201 S Cowen Street, Garrett, Indiana 46738, between December 10th through the 28th. These letters maintained that ROSE is a prohibited person under 922(g)(4) and outlined the circumstances surrounding the Denial. ROSE was further advised, "If you are the subject of the prohibiting record listed below and wish to challenge the accuracy of the record, you should contact the agency holding the record for further information." The case was subsequently forwarded to the ATF FWFO for follow-up.

Your Affiant opened an investigation and discovered ROSE had both attempted to purchase and successfully purchased firearms from two licensed firearms dealers despite being prohibited due to a prior adjudication for being a mental defective in Noble County in 2009. All Firearms Transaction Records for ROSE were acquired from both FFLs.   Records were obtained from Noble County which showed that, on September 22, 2009, ROSE was ordered to be involuntarily committed to Richmond State Hospital in Indiana by a Judge in the Noble Superior Court 1, Cause No. 57D01-0909-MH-95.   The commitment was based on the court finding that ROSE was suffering from a psychiatric disorder, substance abuse of alcohol and narcotics, and deemed a dangerous person to himself and others.   On December 15, 2009, the Court extended the commitment order through January 15, 2010.

Records also revealed that ROSE pled guilty to multiple felony charges, including Domestic Battery, Intimidation and Battery to Law Enforcement Officers in Noble County, Cause No. 57D01-1207-FD-170.   He was sentenced on January 13, 2013.   On May 24, 2022, ROSE petitioned the Noble County Court for expungement of these felony convictions, which was granted in Cause No. 57D01-2203-XP-14. ROSE also petitioned the Adams County Court on March 9, 2022, to expunge an additional misdemeanor conviction he received in 2006 for Failure to Stop after Accident, granted under the same Cause No. 01D01-2203-XP-14.

On May 29, 2022, ROSE attempted to purchase a firearm from The FFL 2nd Amendment, a federal firearms licensee, in Kendallville, Indiana, in the Northern District of Indiana. ROSE completed a 4473 form for the purchase of a SCCY, model CPX-2 G3, 9mm caliber pistol, serial number C406879.   When ROSE completed the 4473 form he checked the "No" box when asked "Have you ever been adjudicated as a mental defective OR have you ever been committed to a mental institution?"   ROSE's purchase was Denied based on 922(g)(4) "Possession of a Firearm or Ammunition by a Person Adjudicated Mental Defective or Committed to a Mental Institution" and 922(g)(1) "Possession of a Firearm by a Convicted Felon."   Rose appealed the Denial and provided his expungement records.

On July 9, 2022, the FBI issued a letter to ROSE stating that they had received his expungement records and acknowledged that he was no longer prohibited under 922(g)(1), however he was still properly denied based on his mental defective adjudication pursuant to 922(g)(4).   On August 4, 2022, ROSE acquired a Lifetime Personal Protection Permit from the State of Indiana.

On August 19, 2022, ROSE wrote a letter to the Noble County Court requesting expungement of his mental defective adjudication, in which he stated, "I'm trying to purchase a firearm for hunting and personal protection, I was approved for a Indiana carry permit.   How can I get this removed so I can be able to purchase a firearm."   ROSE included with his letter a copy of his Indiana Driver's License and his personal protection permit.   Both licenses list 1201 S Cowen Street, Garrett, IN 46738 as his address. ROSE also included in his request the FBI letter indicating his prohibition from possessing a firearm under 922(g)(4).

On August 22, 2022, the Court denied ROSE's request stating: "The Court finds that this matter is a Mental Health (MH) matter and does not qualify for expungement under existing Indiana law. The Court further finds that Respondent successfully petitioned for expungement of certain criminal cases in 57D01-2203-XP-14, but the cause herein was not included in the expungement request, nor was it eligible to be expunged. Respondent's request is hereby DENIED."   On August 23, 2022, notice was issued to all parties.   ROSE's address in this cause is the same address listed on his Indiana Driver's license, 1201 S Cowen Street, Garrett, Indiana 46738.

On October 7, 2022, ROSE completed a 4473 form at The 2nd Amendment, a federal firearms licensee, in Kendallville, Indiana for the purchase of a Taurus Arms, model G2C, 9mm caliber pistol, serial number 1C081321.   On the form, ROSE checked the "No" box when asked "Have you ever been adjudicated as a mental defective OR have you ever been committed to a mental institution?"   The NICS check returned a "Proceed" status and The 2nd Amendment transferred this firearm to ROSE on that same date.

On November 30, 2022, ROSE acquired a Savage Arms, model Axis, .308 caliber rifle, serial number P262703 from Freedom Firearms, a federal firearms licensee, in Fort Wayne, Indiana, in the Northern District of Indiana. The FFL advised that "he was a proceed on the day they submitted the form on Nov. 30." When ROSE completed the 4473 form, he checked the "No" box when asked "Have you ever been adjudicated as a mental defective OR have you ever been committed to a mental institution?" When the NICS check returned a "Proceed" status Freedom Firearms transferred the firearm to ROSE on that same date.

On December 9, 2022, ROSE attempted to purchase a pistol from Freedom Firearms, a federal firearms licensee, and was later denied on December 13, 2022, based on his mental defective adjudication pursuant to 922(g)(4).  Freedom Firearms did not transfer the firearm to ROSE. However, when ROSE completed the 4473 form he checked the "No" box when asked "Have you ever been adjudicated as a mental defective OR have you ever been committed to a mental institution?" As outlined in paragraph 2, ROSE appealed the Denial multiple times, with the FBI informing ROSE that he was prohibited for purchasing and possessing a firearm under 922(g)(4).

The investigation revealed that there was a discrepancy in the FBI NICS records which resulted in the inconsistent approval and denial of ROSE's firearms purchases.  The subject of the mental health adjudication record was listed in the NICS system as "Jonathan Rose," white male, state of residence Indiana, with DOB 09/23/1978. ROSE's, actual DOB is 09/25/1978. Therefore, FBI NICS could not determine if the subject of the NICS check was a match to the mental defective adjudication hit due to mismatching dates of birth. This resulted in ROSE being

able to pass his background checks during his October 7th and November 30th transactions, and acquire firearms on those two occasions.

On April 12, 2023, a Grand Jury Subpoena was issued from the United States District Court for the Northern District of Indiana requesting copies of all court records related to Cause No. 57D01-0909-MH-95 from Noble County Superior Court I. These court records were necessary in order to identify the subject of the case and verify if ROSE, and the subject of the NICS Denials, was the same person. The subpoena was served to the Noble County Clerk of Courts. A review of the records lists ROSE's DOB to be 09/25/1978 and therefore confirms that Jonathon Scott Rose, the subjected who filled out 4473 forms with The 2nd Amendment and Freedom Firearms during the acquisition and attempted acquisition of firearms, as outlined in this Affidavit, is the same Jonathon Scott Rose who was adjudicated a mental defective and committed to a mental institution.   Your Affiant has submitted corrected documentation to FBI NICS, who has confirmed that ROSE is now "entered into NICS Indices for Federal Prohibitor 922(g)(4)" and will be Denied from any future attempts to purchase firearms from an FFL.

A search of Jonathan Rose on the social media platform Facebook revealed a profile under the name "Jonathan Rose" (Facebook Account 100001685896245) with profile photos matching the physical appearance of ROSE from his Indiana Driver's License photo. In a Facebook post to a group called "Indiana Rut Report," a group for hunting enthusiasts, ROSE posted a photo on December 19, 2020, of a CVA, model Wolf, .50 caliber rifle, along with the caption "My view in noble county with the wolf cva .50 cal." On August 21, 2022, ROSE posted to the group "Indiana Firearms Legal Support," in which he stated, "So I had expungement done and did the vaf, and other stuff to be able to buy a firearm but the fbi are saying I got a mental

health prohibition, I was approved for a Indiana carry permit, what do I got to do to get that off to be able to purchase a firearm from a dealer." On October 16, 2022, ROSE was tagged in a post by a Facebook account "Hannah Fickle," who was identified as ROSE's juvenile stepdaughter. The post contained a photo of ROSE with a deceased deer, with the caption, "Thank you Jonathan Rose for teaching me how to shoot deer and how to hunt."

ROSE purchased and acquired both a Taurus, model G2C, 9mm caliber pistol, with serial number 1C081321 and a Savage Arms, model Axis, .308 caliber rifle, with serial number P262703 from federally licensed firearms dealers. A query of the serial numbers of these firearms shows no record of either firearm being recovered by law enforcement. Based on my training and experience, I know these to be firearms as defined in the Gun Control Act (GCA), Title 18 U.S.C., Section 921(a)(3) based on the fact that licensed dealers sell functioning firearms which require Firearms Transaction Records (ATF Form 4473) to be completed by the purchaser, in this case ROSE. These records contain the identifying information for the firearm to include Manufacturer and Importer, Model, Serial Number and Caliber or Gauge. These records also require the Transferer/Seller to indicate the type and quantity of firearms being sold, as well as require that the purchaser's identifying information be transmitted to NICS for a background check. Additionally, your Affiant believes based on training and experience that the manufacturer's for both of these firearms, Taurus and Savage Arms, do not currently nor have they in the past manufactured firearms in the state of Indiana. Thus, these firearms would have been transported or shipped in interstate commerce to the local dealers from which ROSE purchased them.

In summary, it is confirmed that ROSE was in fact adjudicated mental defective and involuntarily committed to a mental institution, thus he is presently 922(g)(4) prohibited from possessing firearms or ammunition and has been since his adjudication in 2009. ROSE was advised of his prohibited status by the FBI in July 2022, following his first attempt to purchase a firearm on May 29, 2022, in which he provided false information on his ATF Form 4473 by indicating that he had not been previously adjudicated mental defective or committed to a mental institution in violation of 922(a)(6). ROSE proceeded to acquire two firearms from an FFL, despite his prohibited status, in which he knowingly provided the same false information on his 4473 forms. ROSE then attempted to acquire a third firearm with false information in December, and was Denied a second time.

Based on the above information, your Affiant believes there is sufficient probable cause in support of an arrest warrant for Jonathan Scott ROSE for violations of 18 U.S.C. § 922(g)(4) and 18 U.S.C. § 922(a)(6). The foregoing facts are true and accurate to the best of your Affiant's knowledge and belief.

Further your Affiant sayeth naught.

_____

Nichole L. Marquez
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Subscribed and sworn to before me on ____MAY 11,_____, 2023,

_____s/Paul R. Cherry_____
UNITED STATES MAGISTRATE JUDGE

9